

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-5019

Re: 1. Has the Commissioners' Court
of Tom Green County authority to
enter into contract with B. V.
Christie and Company in connection
with proposed plan of refunding
courthouse bonds?
2. Does the court have authority
to pay the fees or commissions
called for therein out of the
sinking fund of these courthouse
bonds?

Replying to your inquiry, we think your first question
is answered in our Opinion O-1291, a copy of which is enclosed
herewith. We think there can be no doubt about the authority
of the Commissioners' Court to employ experts to render valuable
service which will result in substantial saving to the county.

Replying to your second question, as to the authority
of the Commissioners' Court to pay the fees or commissions call-
ed for in the contract, out of the sinking fund of the court-
house bonds, we call your attention to the case of Elmer vs.
City of Ft. Worth, 27 S. W. 739-741, in which the court held
that the test of the legality of a particular use of a sinking
fund is whether or not "the fund is being used for the purpose
of ultimately accomplishing that result (the final redemption
of the bonds) and is not being diverted from the main object of
its creation. In that case the court held that the drawing of
a draft to buy securities as an investment of a sinking fund was
a draft drawn to redeem the bonds, inasmuch as it was a step
toward the final redemption of the bonds.

It is a step toward the final redemption of these bonds,
if the county can, by paying $1.00 today, save $10.00 in future
interest costs on these bonds. Under the proposed plan of re-
funding these 5% bonds by the issuance of refunding bonds bear-
ing 3½% interest, the county will reduce its obligation by some-
thing like $60,000 at a cost to the county of approximately $6,000.
In our opinion the use of the sinking fund for accomplishing this
result is not a diversion from the main object for which the fund
was created but is wholly consistent therewith.

In a recent case by the Kentucky Court of Appeals, The
Governor vs. Wolfe County, 163 S. W. (2d) 485, the court holds

that the county "could legally contract with some agency to bring together the bondholders and persuade them to exchange their five percent bonds for others bearing a less rate, and running over a longer period, and to pay the agency to 'prepare and file application for approval' of a refunding plan; work out plans, 'to prepare and deliver all legal papers necessary for the consummation of the plans,' the fee for the services to be paid from the road and bridge sinking fund, and not here from the proceeds of sale, since the plan provides for no sale."

In the contract submitted by you, it appears that in order to make the bonds available for refunding, Christie & Company will have to acquire the outstanding bonds and hence will be the bondholders, for whose benefit the sinking fund was created, and will exchange the old bonds for the refunding bonds with full knowledge that the sinking fund has been used in part to make the refunding possible, thereby consenting to the use of these funds for that purpose.

In our opinion Number O-3320, a copy of which opinion is enclosed herewith, we held that the Board of County and District Road Indebtedness has ample authority to pay a premium for eligible road bonds and to use the sinking funds of counties deposited with the Board to retire such bonds, in payment of such premium. We based our conclusion in Opinion O-3320 on provisions of subsection (m) of Section 6 of House Bill 688 passed by the 46th Legislature, Regular Session, 1939. This Act does not expressly authorize the payment of a premium out of these funds, but is implied from the authority granted to purchase the bonds prior to maturity. In other words, the use of these funds for that purpose is in keeping with the purpose for which the fund was created, namely, the ultimate redemption of the bonds. Your second question is, therefore, answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
C. F. Gibson
Assistant

CFG/s:jrb

APPROVED JAN. 9, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman